```
         IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**TERNELL MARSHALL,**

                    **Plaintiff,**

           v.                        CASE NO.  07-3043-SAC

**RICHARD HURST,**
**et al.,**

                    **Defendants.**

### O R D E R

This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Johnson County Jail, Kansas City, Kansas. Plaintiff seeks money damages based on his claims that he was violently pushed out of bunk by defendant Hurst and badly injured after he refused to obey Hurst's order to get out of bed, and that he was refused medical treatment for three days.

On March 6, 2007, this court entered an Order requiring plaintiff to submit a certified statement of his inmate account in support of his motion for leave to proceed in forma pauperis (Doc. 2) as required by 28 U.S.C. § 1915(a)(2); and to show cause why his claim of denial of medical treatment should not be denied for failure to state a claim under the Eighth Amendment.

In response, Mr. Marshall provided a copy of his prison account summary.  <u>See</u> Response (Doc. 5), Attach. 1.  Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average

monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to his account during the relevant six-month period was $49.19 and the average monthly balance was $24.39.  The court therefore assesses an initial partial filing fee of $9.50, twenty percent of the average monthly deposit, rounded to the lower half dollar[1].

Plaintiff has not responded to the court's Order that he show cause why his claim of denial of medical care should not be dismissed for failure to name as defendant a person who actually participated in the alleged denial and for failure to allege sufficient facts to support an Eighth Amendment claim.  The court therefore finds petitioner's claim of denial of medical treatment must be dismissed for the reasons stated in its Memorandum and Order dated March 6, 2007.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 9.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the partial fee as required herein may result in dismissal of this action without prejudice.

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied on plaintiff's claims of denial of medical treatment.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
